Mr. Chief Justice Watkins delivered the opinion of the Court. The appellant being convicted of larceny in the Sebastian circuit court, moved for a new trial, renewing his exceptions taken during the progress of the cause. We are satisfied that the evidence of the actual commission of the offence is sufficient to uphold the verdict; and there seems to be but one question of law presented on the record that requires to be noticed. The indictment, which was preferred at the August term, 1851, charged that the offence was committed on the 10th January, A. D. 1851, in the county of Sebastian. The act of the general assembly creating the county of Sebastian out of portions of the territory belonging to the counties of Crawford, Scott, and Polk, was passed on the 6th January, 1851. The proof is, and the jury so found, that the offence was committed some time in the year 1850, within the limits of the county of Sebastian, as organized by the act of assembly. The court refused, upon the motion of the prisoner, to instruct the jury that, if the offence was committed before Sebastian county wqs in existence, they should acquit him; and qpon that point instructed them that it would be sufficient if they found the larceny charged was committed by the prisoner in the territory then embraced within the territorial limits of Sebastian county, at any time within three years next before the finding of the indictment. The act referred to provided for the transfer of certain suits, civil and criminal, then pending in the counties of Crawford, Scott, and Polk, to the new county of Sebastian, to have day and be there proceeded in, as if they had originated in that county, but contained no provision for the venue as to offences previously committed. Our opinion is, that the General Assembty may well exercise the power of establishing new counties, without any infringement of the right of an accused to a trial in the county or district in which the offence shall have been committed; and that the exercise of this power cannot be hindered by any supposed right of the accused to be tried in a particular county, according to its territorial limits, at the time the offence was committed, because such ,.a right, if it existed, would have the effect to make the lines of counties unalterable. In criminal prosecutions, it is the locality of the crime which determines the venue. Without en-quiring how the decision would affect the prisoner’s right, where an indictment was pending at the time for an offence committed in that portion of territory stricken off to the new county, we are clear in the opinion that, after the division, an indictment could not have preferred in' either of the counties of Crawford, Scott or Polk, for an offence previously committed in any part of the territory constituting the county of Sebastian; and that the circuit court of that county alone had jurisdiction over such offences. ' Such being the legal conclusion, if the indictment in this case had charged that the offence was committed in that part of Sebastian county, which had previously belonged to any one of the three counties, out of which it was formed, it might have been favorable to the accused, as a mere distinct notification to him of the offence, for which he was called upon to answer, but it would have been an unnecessary particularity, to which the accused was not entitled; and so far as concerned the jurisdiction of the court would be the same in effect as the usual allegation that the offence was committed in Sebastian county. The prisoner was sentenced to undergo confinement in the penitentiary for the period of one year, from the second day of March, 1853. It appears that execution of the sentence has been delayed, pending the determination of his appeal to this court; and that, by the order of the circuit court, he was let to bail upon his recognizance, conditioned according to law in such case. The recognizors, for the appellant, have surrendered him here in discharge of their recognizance; and, being committed to the custody of the sheriff of Pulaski county, is now brought before the court. According to the terms of the sentence, five months of the period of imprisonment, assessed by the jury, have passed, while the convict has been out on bail; and it becomes necessary to consider how this court is to give effect to the provision of the statute (Digest, title Crim. Proceedings, sec. 236,) “that if the supreme court shall affirm the judgment of the circuit court, the sentence pronounced by such court shall be directed to be carried into execution, and the same shall be executed accordingly.” The proprety of the decision of this court in Cole vs. The State, (5 Eng. 318,) is here made apparent, that the sentence of the court may, and ought to be, that the prisoner undergo confinement in the penitentiary for, and during a certain term from and after the commencement of such imprisonment. As in case where sentence of death is suspended, pending an appeal to this court, so in the present case, a literal compliance with the statute by directing the sentence to be carried into execution, hus become impossible. Wherefore, in affirming the judgment, the sentence of this court, will be in accordance with the verdict of the jury, to the effect that the prisoner be forthwith taken and delivered to the keeper of the penitentiary, and that he undergo confinement therein, during the term of one year, from the commencement of such imprisonment.